RECEIVED
SEP 25 2006
Property of U.S. District Court
District of Rhode Island

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:06-CV-1412-M |
| | § | 89 S |
| HCT CAPITAL CORPORATION, | § | MISC 06 [redacted] |
| | § | |
| Defendant. | § | |

**ORDER AND JUDGMENT**

Before this Court is the Motion by the United States of America, on behalf of the United States Small Business Administration (SBA), for entry of a preliminary and permanent injunction, for the appointment of the SBA as Receiver for HCT Capital Corporation (HCT), and for the award of judgment against HCT for the amount of its debt to the SBA. The Court, having considered the briefs and arguments of the Plaintiff and noting that Defendant has represented that it has not and will not file an answer or a response, finds that good cause has been shown pursuant to 15 U.S.C. § 687c for the entry of a preliminary and permanent injunction, for the appointment of SBC as Receiver for HCT, and for the award of judgment against HCT in the amount of its debt to the SBA.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of HCT, and all of its assets, wherever located, and the United States Small Business Administration is hereby appointed receiver ("the Receiver") of HCT to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering,

marshaling and, if necessary, liquidating all of HCT's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the partners, managers, officers, and directors of HCT under applicable state and federal law and by the Charter, By-Laws and Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The officers, managers, directors, employees, and agents of HCT are hereby dismissed. Such persons shall have no authority with respect to HCT's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of HCT and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, managers, accountants, attorneys and employees of HCT, as well as all those acting in their place, are hereby ordered and directed, upon notice of this Order, to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal. HCT shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of HCT as well as the names, addresses and amounts of claims of all known creditors of HCT. All persons having control, custody or possession of any assets or property of HCT, including its former General Partner, HCT Investment Partners, LLC, are hereby directed to turn such property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, managers, general partners, employees, shareholders, creditors, debtors and agents of HCT. Notice under this Order may be given by means of mail, fax, email and/or

may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to HCT. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of HCT or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to HCT, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving HCT or any assets of HCT, involving HCT or its present or past officers, directors, managers, or general partners or the Receiver, sued for, or in connection with, any action taken by HCT's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of HCT, upon notice of the Order, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding. *See* 15 U.S.C. § 687c(a).

8. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving HCT or any of its assets or any action of any nature taken by HCT's present or past officers, directors, managers, or general partners sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant,

third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. *See* 15 U.S.C. § 687c(a).

9. HCT and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of HCT to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (SBIA), 15 U.S.C. Section 661 *et seq.*, or the regulations promulgated thereunder, (Regulations), 13 C.F.R. § 107.1 *et seq.*

10. The Receiver is authorized to borrow on behalf of HCT, from the SBA, up to $500,000, and is authorized to cause HCT to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of HCT, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of stockholders of HCT.

11. This Court determines and adjudicates that HCT has violated the SBIA and the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that HCT's license as an SBIC be revoked.

12. The United States Small Business Administration is further entitled to a judgment in the sum of $ 3,224,895.11, which shall include the total of $3,180,104.98 (principal of $3,000,000 and accrued interest and fees in the amount of $175,672.98 as of June 30, 2006, plus $4,432,00 of unpaid SBA exam fees) plus the accrued interest on $3,180,104.98 at the per diem rate of $581.69 from June 30, 2006 up to the date of entry of this Order and Judgment, plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date of entry of this Order.

**SO ORDERED.**

**DATED**: September 15, 2006

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**