ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG - 8 2006
CLERK, U.S. DISTRICT COURT
By ____ Deputy

RECEIVED
SEP 25 2006
Property of U.S. District Court
District of Rhode Island

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | Civ. Action No. 3-06CV1412-M |
| | § | MISC 06 89 |
| HCT CAPITAL CORPORATION | § | |
| Defendant. | § | |

## COMPLAINT

The United States of America, acting on behalf of its agency, the United States Small Business Administration (SBA), files its complaint against HCT Capital Corporation (HCT), pursuant the Small Business Investment Act, 15 U.S.C. § 687c.

The United States seeks entry of preliminary and permanent injunctions and for appointment of the SBA as receiver for HCT's violations of its licensing agreement under the Act. In addition, the United States seeks entry of judgment against HCT arising from HCT's debt to the SBA in an amount not less than 3.18 million dollars.

## I.

## PARTIES, JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended, Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d),

687c, 687h; and 28 U.S.C. § 1345. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

2. Plaintiff is the United States of America acting on behalf of its agency, the Small Business Administration (SBA), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

3. Defendant is HCT Capital Corporation (HCT), a Texas corporation currently maintaining its principal place of business at 4916 Camp Bowie Boulevard, Suite 208, Fort Worth, Texas 76107. At all times material to this Complaint, HCT was a licensee under the Small Business Investment Act. HCT can be served with process through its registered agent, Robert D. Anderson, 3715 Camp Bowie Boulevard, Fort Worth, Texas 76107, or at HCT's corporate business address identified above.

## II.

## STATEMENT OF FACTS AND APPLICABLE LAW

4. Paragraphs 1 through 3 are incorporated by reference as though fully set forth herein.

5. HCT was licensed by SBA as a Small Business Investment Company (SBIC) on or about November 1, 1991, SBA License No. 06/06-0305. Pursuant to Section 301(c) of the Small Business Investment Act (Act), 15 U.S.C. § 681(c), in becoming a SBIC licensee, HCT agreed that it would solely to do business under the provisions of the Act and the regulations promulgated thereunder.

6. Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (Regulations).

7. HCT's Articles of Incorporation and/or other governing corporate documents expressly state that HCT's is organized, and has as its sole purpose, to operate under the Act.

8. By its Application to become a SBIC licensee, HCT stated that it would abide by and comply with the Act and the Regulations promulgated thereunder in consideration for receiving an SBIC License and/or Leverage from SBA.

9. Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

10. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to HCT through the purchase and/or guaranty of the following Debentures, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $3,000,000 as follows:

a. In the amount of $600,000.00 disbursed on 06/19/98;

b. In the amount of $800,000.00 disbursed on 03/26/99;

c. In the amount of $800,000.00 disbursed on 10/17/00; and

d. In the amount of $800,000.00 disbursed on 08/15/03.

11. As of June 30, 2006, HCT owed SBA $3,180,104.98 in Debenture Leverage debt outstanding ($3,000,000.00 principal $175,672.98 and accrued interest and fee plus $4,432.00 of unpaid SBA exam fees) plus accruing interest on the unpaid debt at a per diem rate of $581.69. Due to the effect of the per diem interest accrual, that debt has increased.

12. The Debentures described in paragraph 10, above, are subject to, and incorporate by reference, the Regulations, including but not limited to the provision of 13 C.F.R. §107.1810, 13 C.F.R. §§107.1830 - 107.1840, and 13 C.F.R §107.507.

13. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as HCT may be forfeited and the company may be declared dissolved.

14. Section 311 of the Act, 15 U.S.C. §687c, provides that if SBA makes a determination that a Licensee such as HCT, or any other person, has engaged in or is about to engage in any acts or practices which constitutes or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application to federal district court for an injunction.

15. Upon the filing of such Section 311 Application, the Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief

without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. Section 311 of the Act authorizes the Court to appoint SBA to act as receiver for such Licensee.

## III.

## COUNT ONE

## CAPITAL IMPAIRMENT

16. Paragraphs 1 through 15 are incorporated by reference as though fully set forth herein.

17. Based on the SBA Form 468 submitted by HCT for the period ending September 30, 2005, SBA determined that HCT had a condition of Capital Impairment percentage, as that term is defined under the Regulations, of over 60%, the maximum allowed under the Regulations for HCT.

18. By letter dated February 3, 2006, SBA notified HCT that it had an unacceptable condition of capital impairment in violation of Section §107.1830(c).

19. Pursuant to Sections 107.1820(f) and 108.1810(f)(5),(g) of the Regulations, the February 3, 2006 letter gave HCT fifteen (15) days to cure its condition of capital impairment.

20. HCT has failed to cure its condition of capital impairment and remains capitally impaired.

21. Based on a financial statement submitted by HCT for the period ending December 31, 2005, SBA determined that HCT's capital impairment ratio had risen to 77%.

22. HCT's failure to cure its condition of capital impairment is a violation of §107.1830(b) of the Regulations, as well as the terms of the Debenture Leverage.

23. As a consequence of HCT's violation of 13 C.F.R. §§107.1830(b) of the Regulations by HCT's capital impairment, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c.

24. The SBA should be appointed as Receiver of HCT pursuant to 15 U.S.C. § 687(d) and 687c.

25. The SBA is also entitled, pursuant to 15 U.S.C. § 687(d) and 687c, to judgment on HCT's debt to the SBA in the amount of $3,180,104.98 as of June 30, 2006 ($3,000,000.00 principal and $175,672.98 accrued interest and fee, plus unpaid SBA exam fees of $4,432.00). The unpaid debt accrues interest at the per diem rate of $581.69 from June 30, 2006 until the date of judgment is entered, and post judgment interest thereon.

## IV.
## COUNT TWO
## <u>FAILURE TO PAY ACCELERATED INDEBTEDNESS</u>

26. Paragraphs 1 through 25 are incorporated by reference as though fully set forth herein.

27. Section 107.1810 (g) of the Regulations provides that the entire indebtedness evidenced by Debentures owed to SBA may be declared immediately due and payable and that SBA may avail itself of any remedy under the Act, specifically

including institution of proceedings for the appointment of SBA as the Receiver of the Licensee upon an event of default that remains uncured to SBA's satisfaction after notice is given and a fifteen (15) day cure period has elapsed.

28. Section 107.1810(f)(5) provides that a condition of capital impairment as determined under Section 107.1830 is an event of default with opportunity to cure.

29. Based on the SBA Form 468 submitted by HCT for the period ending September 30, 2005, SBA determined that HCT had a condition of capital impairment.

30. By letter dated February 3, 2006, SBA gave HCT fifteen (15) days to cure its condition of capital impairment. To date, HCT has failed to cure the default.

31. By letter dated March 27, 2006, SBA accelerated HCT's entire Debenture indebtedness and made demand for payment in full of the Debentures by April 14, 2006.

32. To date, HCT has not made full payment to SBA of the accelerated amount due and the amount of the indebtedness to SBA evidenced by the Debentures is still outstanding.

33. As of June 30, 2006, HCT is indebted to SBA under the Debentures in the amount of $3,180,104.98 ($3,000,000 principal and $175,672.98 accrued interest and fee, plus $4,432.00 of unpaid exam fees) and accruing interest on the unpaid debt at a per diem rate of $581.69 from June 30, 2006 until the date judgment is entered, and post judgment interest thereon.

34. As a consequence of HCT's uncured violations of 13 C.F.R. §§107.1830(b) and 107.1810(f) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of HCT and is also entitled to judgment on HCT's debt in the amount of $3,180,104.98 ($3,000,000.00 principal and $175,672.92 accrued interest and fee as of June 30, 2006 plus unpaid SBA exam fees of $4,432.00) and accruing interest on the unpaid debt at a per diem rate of $581.69 from June 30, 2006 until the date judgment is entered, and post judgment interest thereon.

## V.

## COUNT THREE

## NON-PERFORMANCE WITH TERMS OF LEVERAGE

35. Paragraphs 1 through 34 are incorporated by reference as though fully set forth herein.

36. HCT's violations of 13 C.F.R. §107.1830(b), capital impairment, and 13 C.F.R. §107.1810(f)(5), events of default with opportunity to cure, is also a violation of Section 107.507(a) for nonperformance of the terms of Debentures.

37. Each Debenture instrument specifically incorporate the terms of the Regulations. Thus, a violation of any regulation, including exceeding the maximum capital impairment percentage, is a violation of the terms of each and every Debenture.

38. HCT's uncured condition of capital impairment is a violation of the terms of its Leverage as evidenced by the Debentures, of which $3,000,000.00 remains outstanding as of June 30, 2006.

39. HCT's uncured condition of Capital Impairment is a violation of Section 107.1830(b) of the Regulations, Section 107.1810(f)(5)of the Regulations and the terms of the Debentures. Therefore, HCT is in violation of Section 107.507(a) of the Regulations.

40. As a consequence of HCT's continuing violation of 13 C.F.R. § 507(a) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as receiver of HCT, HCT Capital Corporation.

**VI.**

**COUNT FOUR**

**EXCESSIVE MANAGEMENT FEES**

41. Paragraphs 1 through 40 are incorporated by reference as though fully set forth herein.

42. Pursuant to Section 107.520, SBA must approve the management expenses of a Licensee such as HCT when Leverage, including Debenture Leverage, is outstanding.

43. For the periods October 1, 2002 through December 31, 2005, HCT had Leverage in the amount of $3,000,000.00 outstanding.

44. By letter dated June 30, 1997, SBA approved an annual amount of $110,000 in management fees.

45. SBA's records do not indicate that a request for increased management expenses was received from HCT nor do SBA's records indicate that SBA approval was given for management fee sin excess of $110,000 per annum.

46. For the fiscal year ending September 30, 2003, HCT paid over $135,949 in management fees to current management, constituting an excess of $25,949 over the amount of management fees approved by SBA.

47. For the fiscal year ending September 30, 2004, HCT paid over $171,444 in management fees to current management, constituting an excess of $61,444 over the amount of management fees approved by SBA.

48. For the fiscal year ending September 30, 2005, HCT paid over $213,541 in management fees to current management, constituting an excess of $103,541 over the amount of management fees approved by SBA.

49. During the first quarter of the fiscal year that will end September 30, 2006, HCT has already paid over $61, 856 in management fees to current management. One quarter of the $110,000 authorized management fees is $27,500 which results in $34,312 of excess management fees in the first quarter of HCT's fiscal year ending September 30, 2006 alone.

50. For the fiscal years 2003 through and including 2005, HCT's management paid itself over $225,290 in excess management fees.

51. By letter dated March 27, 2006, SBA wrote to HCT's board of directors and instructed that demand for the repayment to HCT of the $225,290 in excess management fees be made by April 14 2006.

52. HCT's board of directors has failed to make such demand and HCT's current management has failed to reimburse HCT for the excess management fees.

53. HCT's payment of excess management fees is a violation of Section 107.520 of the Regulations and is also a violation on the part of its management of Section 107.730 of the Regulations, which prohibit self-dealing and/or conflict of interest to the prejudice of the HCT and its creditors, including SBA.

54. As a consequence of HCT's continuing violation of 13 C.F.R. §520 of the Regulations and Section 107/730 of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as receiver of HCT.

## VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A. That preliminary and permanent injunctive relief be granted restraining HCT, its managers, general partner, limited partners, officers, agents, employees,

financial advisors, and other persons acting on HCT's behalf, in concert or participation therewith from:

(1) making any disbursements of HCT's funds;

(2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of HCT, wherever located; and

(3) further violating the Act or the Regulations promulgated thereunder;

B. That this Court determine and adjudicate HCT's noncompliance with and violation of the Act and the Regulations promulgated thereunder;

C. That this Court take exclusive jurisdiction of HCT and all of its assets, wherever located, and appoint SBA as permanent, liquidating receiver of HCT for the purpose of liquidating all of HCT's assets and satisfying the claims of creditors therefrom in the order of priority to be determined by this Court, and pursuing causes of action available to HCT against third parties, as appropriate;

D. That this Court render Judgment in favor of SBA and against HCT Capital Corporation in the amount of $3,180,104.98 as of June 30, 2006 ($3,000,000.00 principal and $175,672.98 accrued interest plus unpaid exam fees of $4,432.00) plus accruing interest after June 30, 2006 at the per diem rate of $581.69 up to the date of entry of judgment, plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date judgment is entered; and

E. That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted,

RICHARD B. ROPER
UNITED STATES ATTORNEY

KATHERINE SAVERS MCGOVERN
Assistant United States Attorney
TX Bar No. 13638020
1100 Commerce Street, Rm 300
Dallas, Texas 75242
Telephone: 214.659.8600
Facsimile: 214.767.2916

**OF COUNSEL:**

ARLENE M. EMBREY
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416
202.205.6976
202.481.0324 (fax)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

ORIGINAL

RECEIVED AUG - 8 2006 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

**I. (a) PLAINTIFFS**
United States of America

**DEFENDANTS**
HCT Capital Corporation

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Tarrant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Katherine Saves McGovern Tel. (214) 659-8650
1100 Commerce St., 3rd Fl., Dallas, Texas 75242

Attorneys (If Known)

**3-06CV1412-M**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☒ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: 15 USC 687, Action for Injunction, Appointment of SBA as Receiver, Judgment on Debt

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $

CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE DOCKET NUMBER

DATE 8-8-06 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. ***Do not cite jurisdictional statutes unless diversity.*** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.